**IN THE UNITED STATES DISTRICT COURT**
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES | * |
| | * |
| V. | * |
| | *   4:11CR00005-02 SWW |
| FELIPE JASSO OLIVARRIA | * |
| | * |

**ORDER**

On June 21, 2011, a jury convicted Defendant Felipe Jasso Olivarria of conspiracy to possess, with intent to distribute, methamphetamine and possession of at least 50 grams of methamphetamine with intent to distribute, in violation of 18 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846. On December 14, 2011, the Court sentenced Defendant to serve 120 months' imprisonment.

Defendant appealed his conviction, arguing insufficient evidence, and by per curium opinion and final judgment entered July 26, 2012, the Eighth Circuit affirmed. *See United States v. Olivarria*, No. 11-3745, 482 Fed. Appx. 200, 2012 WL 3031234 (8th Cir. July 26, 2012).[1] Now before the Court is Defendant's motion to vacate, set aside, or correct his sentence pursuant

---

[1]On February 5, 2013, Defendant filed a second document titled notice of appeal, which contained no grounds for relief and stated only that Defendant was appealing his sentence and judgment. *See* ECF No. 63. On February 7, 2013, the Court of Appeals dismissed Defendant's second appeal for lack of jurisdiction. *See* ECF No. 68. By letter dated February 14, 2013, Defendant asked this Court to treat his notice of appeal filed February 5, 2013 as a motion to vacate, set aside, or correct a federal sentence, pursuant to 28 U.S.C. § 2255. By order entered March 4, 2013, the Court noted that Defendant's second notice of appeal did not by way of its form or content indicate that Defendant sought relief under §2255, and the Court therefore declined to treat the filing as such. In its order, the Court informed Defendant that he could file a motion to vacate, set aside, or correct a federal sentence, pursuant to 28 U.S.C. §2255, and the Court instructed the Clerk to mail Defendant a §2255 motion form.

to 28 U.S.C. § 2255 (ECF No. 74). After careful consideration, and for reasons that follow, the motion is denied.[2]

## I.

The evidence at trial showed that a cooperating informant arranged for his drug supplier to deliver methamphetamine to the informant's residence, where investigators were waiting. At the scheduled delivery time, a red Honda driven by Defendant and another car driven by Isaiah Castillo Figueroa, arrived at the informant's residence. Figueroa exited his vehicle and approached Defendant, who remained seated in the red Honda. Defendant handed Figueroa a large styrofoam cup that contained methamphetamine, and Figueroa carried the cup into the informants' residence, where drug task force agents were waiting. Defendant drove away, but agents stationed outside the residence followed and arrested him. At trial, Figueroa testified that Defendant knew that the styrofoam cup contained methamphetamine, that he was delivering the methamphetamine, and that he would receive $100 for making the delivery.

On direct appeal, Defendant argued that the evidence against him was insufficient, and he attacked the credibility of the witnesses against him. The Eighth Circuit affirmed, noting that a jury's credibility findings are virtually unreviewable on appeal. Additionally, the Court of Appeals concluded that the evidence presented at trial supported the guilty verdict, and the Court recited the evidence as follows:

---

[2]Because the record conclusively shows that Defendant is not entitled to relief, the Court decides his motion without conducting an evidentiary hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)(citations omitted)(holding that a petition under § 2255 can be dismissed without a hearing if the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or if the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact).

> There was evidence that: (1) Figueroa and his suppliers conspired to distribute meth to [the informant]; (2) on the day of his arrest, Olivarria drove a Honda and Figueroa drove another car to [the informant's residence]; (3) when they arrived, Figueroa exited his car, Olivarria handed him a cup of meth; and, (4) Figueroa was to pay Olivarria $100 for driving the meth to [the informant's residence].

*United States v. Olivarria*, No. 11-3745, 482 Fed. Appx. 200, 201, 2012 WL 3031234, *2 (8th Cir. July 26, 2012).

## II.

Defendant seeks relief under § 2255 on the following grounds: (1) he received ineffective assistance of counsel; (2) his sentence is procedurally and substantively unreasonable; (3) the evidence adduced at trial was constitutionally insufficient to sustain the jury's verdict; and (4) he is actually innocent. After careful consideration, and for reasons that follow, the motion is denied.

*Ineffective Assistance of Counsel*

To establish ineffective assistance of counsel, Defendant must prove (1) deficient performance--that his counsel's representation fell below an objective standard of reasonableness, and (2) prejudice--that but for counsel's unprofessional errors, the result of the proceeding would be different. *See Strickland v. Washington*, 466 U.S. 668, 688-694, 104 S. Ct. 2052, 2064-2068 (1984).

Defendant contends that his attorney's performance was deficient in several respects. First, he alleges that counsel failed to object when the "prosecutor knowingly used perjured testimony." ECF No. 74, at 10. Defendant fails to identify the witness testimony at issue, and he makes no specific allegations regarding his claim that the prosecution knowingly introduced perjured testimony. The Court finds that Defendant's conclusory allegations regarding perjured testimony are insufficient to state a claim for relief under § 2255.

3

Second, Defendant alleges that counsel failed to object when "the prosecutor failed to correct the record following the presentation of physical evidence (drugs) that did not belong to the petitioner . . . . " *Id*.  The record reveals that through cross examination and in closing arguments, defense counsel attempted to show that there was insufficient proof that Defendant knew that the drugs in question were in his car or that he ever had possession of the drugs.  Even if Defendant could overcome the presumption that counsel's actions fall within the wide range of reasonable professional assistance, which he cannot, he is unable to show that he was prejudiced by counsel's alleged "failure to correct the record."

Third, Defendant complains that counsel made multiple errors, including the following: (1) counsel failed to object to the prosecutor's "improper statements" made in closing argument; (2) counsel failed to impeach the Government's witnesses; (3) counsel failed to disclose exculpatory evidence; (4) counsel failed to dedicate sufficient time to the defense; (5) counsel failed to hire an investigator or conduct any pretrial investigation; (6) counsel failed to interview witnesses; (7) counsel failed to file motions to suppress evidence;[3] (8) counsel failed to object to leading questions; (9) counsel failed to file a motion to conduct a pretrial lineup; and (10) counsel "agreed to stipulate" without Defendant's consent.  Defendant makes bald assertions regarding counsel's performance, and he fails to allege a single specific fact in support of his conclusory claims.  Defendant's vague allegations are insufficient to rebut the presumption of

---

[3] Defendant alleges that "some evidence was obtained in violation of the Fourth Amendment," ECF No. 74 at 15, but he fails to identify specific evidence that should have been suppressed, nor does he state the effect a successful motion would have had.  Although an attorney's failure to file a motion to suppress can be the basis of an ineffective assistance of counsel claim, the Court must have enough information to determine whether a motion to suppress would have succeeded.

competency granted to defense counsel. *See Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983)(noting that conclusory allegations are insufficient to rebut the presumption of competent representation).

Fourth, Defendant contends that he was denied effective assistance of counsel because his attorney "failed to raise proper grounds for severance." ECF No. 74, at 5. Joinder of Defendant's case with that of his coconspirator and only codefendant, Isaiah Castillo Figueroa, was appropriate under Federal Rule of Criminal Procedure 8(b), and Defendant fails to articulate any risk of prejudice that required counsel to move for severance. Additionally, Figueroa pleaded guilty and Defendant was tried alone. In sum, Defendant's assertion that trial counsel was ineffective for failing to raise proper grounds for severance is completely without merit.

*Unreasonable Sentence - Actual Innocence*

Defendant generally asserts that his sentence was procedurally and substantively unreasonable, but he provides no specific allegations to support this claim. Defendant did not challenge his sentence on direct appeal, and he does not cast his claim as one involving ineffective assistance of counsel. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either cause and actual prejudice, or that he is actually innocent." *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010)(quoting *Bousley v. United States*, 523 U.S. 614, 622, 118 S.Ct. 1604 (1998)). Defendant states no cause for his procedural default, but he does claim actual innocence on the asserted ground that the Government presented false evidence against him. Defendant also notes that the Government presented no fingerprint evidence that tied him to the drugs at issue, a point that defense counsel repeatedly made at trial.

The actual innocence exception to the procedural default rule is not available to remedy errors in noncapital sentencing. *See Lindsey v. United States,* 615 F.3d 998, 1001 (8th Cir. 2010)(citing *Embrey v. Hershberger*, 131 F.3d 739, 740 (8th Cir.1997).  Furthermore, claims of "actual innocence" are extremely rare and must be based on "factual innocence not merely legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604 (1998). Defendant's unsupported allegations regarding prosecutorial misconduct and insufficient evidence fail to support a claim of "actual innocence."

*Insufficient Evidence*

Defendant asserts that the evidence at trial was constitutionally insufficient to sustain the jury's guilty verdict.  Defendant's arguments regarding insufficient evidence were raised and decided on direct appeal.  With rare exceptions, not present here, § 2255 may not "be used to relitigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011)(citing *Davis v. United States*, 417 U.S. 333, 346-47 (1974)).  Accordingly, Defendant's claim regarding the sufficiency of evidence must be dismissed.

### III.

For the reasons stated, Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (docket entry #74) is DENIED.

IT IS SO ORDERED THIS 13TH DAY OF JANUARY, 2014.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE